UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD L. WILBORN<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CHAD F. WOLF<br><br>　　　　　　　　Defendant. | Case No.:  20cv1981-LAB (BGS)<br><br>**ORDER EXTENDING TIME TO SEEK LEAVE TO AMEND** |

　　　　On January 20, 2021, the Court granted Defendant's unopposed motion to dismiss the first amended complaint. That order directed Plaintiff Harold Wilborn, if he believed he could successfully amend to correct the defects the motion to dismiss had pointed out, to file a motion for leave to amend.  The order cautioned him that the motion must comply with Civil Local Rule 15.1 and that his proposed second amended complaint was required to comply with Fed. R. Civ. P. 10 — including its requirement that paragraphs be numbered. Wilborn's failure to number the paragraphs of his earlier complaint made it difficult to follow and to cite. The Court gave him until February 5 to file his *ex parte* motion. (*See* Docket no. 9 at 2:5–13.)

　　　　On January 21, the Court rejected a proposed document calling itself both a first amended complaint, and an opposition to the motion to dismiss. The Court

rejected it for filing. Wilborn filed an unauthorized motion seeking reconsideration of that rejection, which was denied. *See* Civil Local Rule 7.1(i) (requirements for motions for reconsideration).

On February 1, Wilborn also submitted a motion for leave to file a second amended complaint, which failed to comply with the Court's January 20 order or with other applicable requirements. The proposed second amended complaint was not attached as an exhibit to the motion, as required. Instead, the motion and the proposed second amended complaint were merged, with the latter beginning on page 8 and lacking the caption required by Fed. R. Civ. P. 10. The paragraph numbering was not consecutive, and some portions of text that were not paragraphs (such as subheadings or case names) were included in the numbering. The document also introduced some new defects, including using inaccurate footers to describe the sections of the document, omitting pages from the exhibits, and attaching the exhibits incorrectly numbered and out of order. All these defects made the proposed second amended complaint difficult to read and understand.

Wilborn also did not attach a version of the proposed second amended complaint showing (through redlining, underlining, strikeouts, etc.) what changes were made, as required under Civil Local Rule 15.1(b). This is particularly important where, as here, the complaint is voluminous. All told, the documents are 217 pages long. Wilborn is in the best position to identify changes he has made, and requiring the Court or opposing counsel to do this for him is untenable. Wilborn did attach a document he labeled "First Amended Complaint W/Redletter Redactions," but it is the motion the Court rejected on January 21, and is not redlined.

The Court has rejected Wilborn's motion and the February 5 deadline to seek leave to amend has passed. However, the Court is mindful of the strong policy favoring decisions on the merits whenever reasonably possible, *see Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), as well as the Ninth Circuit's

directive that *pro se* litigants should not lose their right to be heard due merely to their ignorance of technical procedural requirements. *See Balistreri v. Pacific Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). But in spite of his *pro se* status, Wilborn must still follow the same rules that apply to other litigants. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). He is not entitled to be treated any more favorably than a party represented by counsel, and must not rely on the Court to serve as his advocate or advisor. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986).

The Court *sua sponte* extends the time for Wilborn to file an *ex parte*[1] motion to leave to amend, until **March 3, 2021**. If Wilborn files a motion for leave to amend, Defendant may file an opposition by **March 17, 2021**. If he needs more time to comply, he must seek it by *ex parte* motion, showing good cause for the extension and explaining how much more time he needs. **Other than the extension of time, all the same requirements the Court set forth in its January 20 order remain in effect.** These include, among other things, full compliance with Civil Local Rule 15.1 and Fed. R. Civ. P. 10. The exhibits he attaches to his motion should be numbered and in order. They should include 1) his complete proposed second amended complaint, including all exhibits, and 2) a version of his proposed second amended complaint showing what changes were made (using redlining, etc.).[2] He does not need to attach a copy of the first amended complaint; that is already on file in the docket.

---

[1] He need not obtain a hearing date for this motion or for any other motions properly filed as *ex parte* motions.

[2] With the exhibits, redlining is likely to be ineffective. Wilborn may attach a brief summary identifying what changes, if any, he made to the exhibits in his second amended complaint. For example, the summary should identify exhibits that were included in the first amended complaint but not the second, and vice versa, and should identify which exhibits remain the same in both versions.

While the Court intends to decide this case on the merits if it is *reasonably possible* to do so, it also intends to bring the case to a just, speedy, and inexpensive resolution. *See* Fed. R. Civ. P. 1. Wilborn should bear in mind that he is not entitled to unlimited chances to amend or to comply with the Court's orders and applicable rules. The Court has set deadlines, bearing in mind Wilborn's *pro se* status as well as restrictions and other difficulties he is likely to face because of the COVID-19 pandemic. He is reminded to litigate his claims diligently.

**IT IS SO ORDERED**.

Dated: February 8, 2021

Honorable Larry Alan Burns
United States District Judge