UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD L. WILBORN<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CHAD F. WOLF<br><br>　　　　　　　　Defendant. | Case No.:　20cv1981-LAB (BGS)<br><br>**ORDER DIRECTING PLAINTIFF TO COMPLY WITH PREVIOUS ORDERS; AND**<br><br>**ORDER SUA SPONTE EXTENDING DEADLINE TO SEEK LEAVE TO AMEND** |

　　　On January 20, the Court granted Defendant's unopposed motion to dismiss, and directed Plaintiff Harold Wilborn — if he believed he could successfully amend — to file a motion for leave to file an amended complaint. The order emphasized that his motion must comply with Civil Local Rule 15, and that his proposed amended complaint must fully comply with Fed. R. Civ. P. 10.

　　　Since then, Wilborn has submitted other documents, but no motion for leave to amend. The Court on February 8 *sua sponte* extended the time for him to file his motion for leave to amend, to March 3, 2021, but cautioned him that it was not prepared to continue granting him extensions of time.  That same day, the Court construed his attempted filing as a motion for reconsideration of its dismissal order, and denied reconsideration.

Most recently, Wilborn submitted an opposition to the motion to dismiss, which the Court rejected as both untimely and as an unauthorized second motion for reconsideration of the Court's order of dismissal. The opposition cannot reasonably be construed as Wilborn's attempt at seeking leave to amend. Instead, it argues that his complaint was fine as it was.

Because Wilborn has prepared and attempted to file two lengthy briefs, neither of which was a motion for leave to amend, it is clear he has the time and resources to prepare and file a motion for leave to amend. As the Court has pointed out, it intends to adjudicate Wilborn's claims on the merits if *reasonably* possible to do so. But at the same time, he is not entitled to unlimited time or opportunities. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261–62 (9th Cir. 1992); *Henderson v Duncan*, 779 F.2d 1421, 1425 (9th Cir. 1986) (affirming dismissal, even in the absence of prejudice, where plaintiff continued to disregard deadlines and warnings).

Wilborn should look at the Court's orders of January 20 (Docket no. 9) and February 8 (Docket no. 14), and should act diligently to prepare and file his motion for leave to amend. Because he has engaged in needless delays, he is not entitled to any more extensions of time. Nevertheless, the Court *sua sponte* extends the deadline for Wilborn to file his motion for leave to amend, to **March 17, 2021**. He should not expect to receive any more extensions of time. If he fails to seek leave to amend as ordered, this action may be dismissed both for failure to obey the Court's orders, and for failure to prosecute. If Wilborn files a motion for leave to amend, Defendant may file an opposition by **March 31, 2021**.

**IT IS SO ORDERED**.

Dated:  February 22, 2021

*Larry A. Burns*
Honorable Larry Alan Burns
United States District Judge