UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD L. WILBORN<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS<br><br>　　　　　　　　Defendant. | Case No.:　20cv1981-LAB (BGS)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE JUDGMENT ON THE PLEADINGS** |

　　　　Plaintiff Harold Wilborn submitted a document for filing, captioned as follows: "Plaintiff's Request (Motion) for Judicial Notice, Joint Motion(s), (1) Constitutional Violation of Fifth Amendment Under Title VII. (2) Motion for Judgment on the Pleading 12(c)." [*sic*] Most of the document consists of citations and legal arguments strung together. It also improperly seeks to bring renewed requests for reconsideration of scheduling and procedural issues that have no effect on the outcome of this case, and for which reconsideration was already denied. However, it appears Wilborn is also trying to file a motion for judgment on the pleadings. The Court therefore construes this document as an *ex* parte motion for leave to file a judgment on the pleadings raising the arguments mentioned in the motion. So construed, the motion is **DENIED**.

/ / /

The motion says Wilborn has repeatedly called for a hearing date on a motion and has left messages, but has not received a call back. The Court has not, however, received any calls or voicemails from Wilborn. In any event, the Court understands that Wilborn would like to file a motion for judgment on the pleadings, and that he wants the Court to set a hearing date.

While judgment on the pleadings can be available to a plaintiff in some circumstances, *see* Fed. R. Civ. P. 12(c) (providing that "a party" can move for judgment on the pleadings), it is unavailable here, where Defendant's time to file a responsive pleading has not yet expired. *See id.* (permitting a party to move for judgment on the pleadings *after the pleadings are closed*). *See also Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) (holding that motion for judgment on the pleadings filed before defendant answered should have been denied as premature).

The nature of Wilborn's claims also makes it impossible for him to prevail on a Rule 12(c) motion. As the plaintiff in this employment discrimination case, he bears the burden of establishing a prima facie case by a preponderance of evidence. *See Kimbrough v. Sec. of U.S. Air Force*, 764 F.2d 1279, 1282 (9th Cir. 1985) (citing *Tex. Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981)). Only after this does the burden shift. *Kimbrough* at 1282–83. Ultimately, he bears the burden of proof. *Id*. Wilborn's motion is based solely on his own allegations, which are not enough to make out a prima face case. *See Outlaw v. United Airlines, Inc.*, 2011 WL 1135165, at *6 (D. Haw. Mar. 24, 2011) (holding that plaintiff's unsupported and conclusory allegations were insufficient to establish a prima facie case for discrimination). To prevail on a 12(c) motion, Wilborn would need to present evidence. But if he did this, his motion would instead be treated as one for summary judgment under Fed. R. Civ. P. 56. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

/ / /

This is the latest in a series of confused and futile motions. Before filing any more motions, Wilborn is directed to wait until Defendant files his answer or other response, or until the time for Defendant to answer or respond has expired.

**IT IS SO ORDERED**.

Dated: May 19, 2021

*Larry A. Burns*
Honorable Larry Alan Burns
United States District Judge