UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD L. WILBORN<br><br>                              Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS<br><br>                            Defendant. | Case No.:   20cv1981-LAB (BGS)<br><br>**ORDER DIRECTING CLERK TO CORRECT AMENDED COMPLAINT; AND**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

      On April 28, the Court granted Plaintiff's motion for leave to amend, and directed the Clerk to file the proposed amended complaint. However, it appears the complaint that was docketed (Docket no. 28) was not the version Plaintiff intended to file, and which the Court directed the Clerk to file. In its order granting in part the government's motion to clarify, the Court proposed to retain the two exhibits (Docket nos. 28-1 and 28-2) but replace the body of the amended complaint in Docket no. 28 with the complaint Plaintiff proposed (Docket no. 22 at 15–45.) Plaintiff has filed a notice agreeing to the change. The Clerk is directed to correct the amended complaint as proposed. Defendant shall answer or otherwise respond by **June 7, 2021**.

In his notice, Plaintiff requested appointment of counsel under 42 U.S.C. § 2000e-5. "There is no constitutional right to appointed counsel for employment discrimination claims . . . ." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). When ruling on a motion for appointment of counsel under § 2000e-5, the Court considers the plaintiff's financial resources, his efforts to secure counsel on his own, and the meritoriousness of his claim. *Id.* Plaintiff is not proceeding *in forma pauperis* and has not provided information about his financial resources. It does not appear he has made any effort to secure counsel on his own. Even if he cannot pay a retainer, he may be able to obtain counsel through a contingency fee arrangement. *See Ware v. Chertoff*, 2008 WL 2653534, at *3 (D. Haw., June 27, 2008) (in awarding fees under § 2000e-5(k), noting that plaintiff had contingency arrangement with counsel). Whether Plaintiff's claim is meritorious is unclear, though the government's answer or other response to the amended complaint will likely shed light on that issue. At present, this factor does not clearly weigh either for or against appointment of counsel.

After consideration of the relevant factors, Plaintiff's request for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated:  May 27, 2021

Honorable Larry Alan Burns
United States District Judge